UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

THOMAS THOMAS,

       Plaintiff,

vs.

BANK OF AMERICA, N.A.

       Defendant.

_____/

**COMPLAINT**

**COMES NOW,** the Plaintiff, THOMAS THOMAS, by and through undersigned counsel, and brings this action against the Defendant, BANK OF AMERICA, N.A. ("BANA") and as grounds thereof would allege as follows:

**INTRODUCTION**

1.    This is an action brought by a consumer for Defendant's violation of the Truth In Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2.    The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

**JURISDICTION**

3.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4.    Moreover, this case is a civil action arising under the laws of the United States

over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, BANA was and is a banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, and has a principal address of 100 N. Tryon St., Suite 170, Charlotte, NC 28202.

8. At all times material hereto, Defendant, BANA was and is a creditor as the term is defined in 15 U.S.C. §1602(g).

9. At all times material hereto, Plaintiff was and is a resident of Broward County, Florida, and owns a home, which is Plaintiff's primary residence, in Broward County.

10. At all times material hereto, BANA, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by BANA and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** NE 16th Place, Fort Lauderdale, Florida 33305.

11. At all times relevant to this Complaint, BANA, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72

because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

12. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FCCPA by virtue of being directly affected by violations of the Act.

13. At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about May 14, 2014, Plaintiff entered into a "CreditLine Agreement", commonly referred to as a Home Equity Line of Credit, with BANA in the amount of $50,000.00 (the "HELOC").

15. The HELOC was secured by a mortgage on Plaintiff's residence located at ** NE 16th Place, Fort Lauderdale, Florida 33305 (the "Mortgage").

16. Plaintiff's residence is a residential structure containing one to four family housing units.

17. The HELOC signed by Plaintiff in connection with the Mortgage serviced by BANA is a consumer credit transaction within the meaning of, and subject to, TILA.

18. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

19. On May 17, 2013, Mr. Thomas went to BANA's local branch at 150 N.W. 44th Street, Oakland Park, Florida 33309 and met with Valerie Sajous, the Assistant Manager.

20. Mr. Thomas informed Ms. Sajous that he wanted to pay off the HELOC, and was

*TL-9143*

informed that he had a balance of $32,633.76.

21. Mr. Thomas was assured that the HELOC was closed.

22. Mr. Thomas presented a check for $32,633.76 and asked for a letter showing that the account had been closed.

23. Ms. Sajous told Mr. Thomas that he would have to come back the next day for the letter which would have to be generated and faxed over from a different department.

24. Mr. Thomas then returned to the branch and received a letter dated May 17, 2013, which informed Mr. Thomas that "the line of credit account was blocked form future advances. There is no available credit for your use."

25. Mr. Thomas was assured that his account was indeed closed and that was the end of it.

26. Sometime thereafter in 2014, Plaintiff became aware that there was an outstanding balance on the HELOC for force-placed flood insurance related costs that allegedly accrued after May 17, 2013.

27. Plaintiff became concerned that BANA had reopened his HELOC account without his consent.

28. As such, on or about September 3, 2014, Loan Lawyers—on behalf of Plaintiff—mailed to BANA a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). BANA received Plaintiff's RFI on or about September 8, 2014.

29. A true and correct copy of same is attached as Exhibit "A".

30. Plaintiff's RFI asked BANA to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement") and (2) provide responses to nine specific informational

requests.

31.     Additionally, Plaintiff's RFI asserted an "error", informing BANA that it was an error for BANA to reopen the HELOC after it was paid off and closed. This notice of error was made pursuant to 12 C.F.R. § 1024.35.

32.     BANA was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

33.     Section 1639g of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

34.     Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. § 1026.36(c)(3)

35.     BANA was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and § 1024.35(d).

36.     BANA was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

37.     BANA was obligated to respond to Plaintiff's notice of error within thirty (30)

business days, either by correcting the error or including a statement that no error occurred, a statement of reason for this determination, and a statement of Plaintiff's right to request documents relied on in BANA's reaching said determination. *See* 12 C.F.R. § 1024.35(e)(1).

38. On or around September 12, 2014, Plaintiff's counsel received a payoff statement from BANA's counsel.

39. A true and correct copy of same is attached hereto as Exhibit "B".

40. The payoff statement stated that it was valid until September 20, 2014, and that the total amount owed on the HELOC was $2,675.74.

41. On November 17, 2014, BANA, through its counsel, provided a written response to Plaintiff's RFI (the "Response").

42. A true and correct copy of same is attached hereto as Exhibit "C".

43. The Response stated that no error occurred on the account and that "Thomas paid $32,633.76 on May 17, 2013 and the balance was reduced to $0." *See Exhibit "C"*.

44. BANA also objected to the request for information under 12 C.F.R. § 2014.36 as being untimely because it was "delivered more than one year after the **loan balance was paid in full.** *See* 12 C.F.R. § 1024.36(f)(v)(B). *See Exhibit "C"* (emphasis added).

45. However, there was no loan effective May 17, 2013, because the account was closed.

46. Further, Plaintiff received confirmation that the loan was closed on May 17, 2013.

47. As such, after May 13, 2013, BANA had no right to cause to be charged any costs or fees to the HELOC because the account was closed.

48. Notwithstanding, BANA has caused to be charged force-placed flood insurance

*TL-9143*

on Plaintiff's property and insists that Plaintiff pay this balance.

49. On or about October 14, 2014, Mr. Thomas received a monthly statement for his HELOC (the "Statement"). A true and correct copy of same is attached hereto as Exhibit "D".

50. The Statement lists the "Previous Outstanding Variable Balance" as $50.00, and a "New Outstanding Variable Balance" as $3,466.01, with a total minimum payment of $50.00 due on or before December 1, 2014.

### COUNT I –VIOLATION OF 15 U.S.C. § 1639g

51. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 50.

52. By virtue of BANA's providing a payoff statement that includes a loan balance after the HELOC was paid in full and the account was closed, BANA has provided Plaintiff with an inaccurate payoff statement.

53. As such, BANA has failed or refused to provide an accurate payoff statement within seven (7) business days after receiving a request, contrary to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

54. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

55. Plaintiff is entitled to the following damages for violations of TILA by Defendant, BANA: statutory damages of not less than $400 nor greater than $4000 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fee as determined by the court, pursuant to 15 U.S.C. § 1640(a)(3).

### COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)

56. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 50.

TL-9143

57. Section 6, Subsection (k)(1)(A) of RESPA states:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> **(A)** obtain force-placed hazard insurance unless there is a reasonable basis to believe the borrower has failed to comply with the loan contract's requirements to maintain property insurance

58. BANA has obtained force-placed insurance on Plaintiff's property without a reasonable basis considering the HELOC account should have been closed on May 17, 2013.

59. As such, BANA has violated 12 U.S.C. § 2605(k)(1)(A).

60. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

61. Plaintiff is entitled to actual damages as a result of Defendant, BANA's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to employ Loan Lawyers, LLC in this action. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for

TL-9143

pecuniary loss); Rawlings v. Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

62. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of BANA's pattern or practice of noncompliance with RESPA.

63. Plaintiff's counsel can demonstrate numerous correspondences sent to BANA, relating to other clients under the applicable statutes, in which BANA failed to acknowledge or adequately respond as required by law.

64. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

### COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

65. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 50.

66. Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

67. The charge of fees and costs to Plaintiffs' mortgage loan account for force-placed insurance is a claim or an attempt to enforce a debt that BANA knows is not legitimate.

68. The charge of fees and costs to Plaintiffs' mortgage loan account for force-placed insurance is the assertion of the existence of a legal right that BANA knows does not exist.

69. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

70. As a direct and proximate result of the violation of the FCCPA by Defendant,

TL-9143

Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

71. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

72. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, THOMAS THOMAS, respectfully asks this Court to enter an order granting judgment for the following:

(a) That BANA be required to remove all unlawful fees from HELOC account;

(b) That BANA be required to close the HELOC account;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1640(a), 12 U.S.C. § 2605(f), and Florida Statutes § 559.77(2); and

(d) Such other relief to which this Honorable Court may deem just and proper.

*TL-9143*

**DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS THOMAS, hereby demands a trial by jury of all issues so triable.

                        Respectfully Submitted,

                        /s/ Aaron Silvers
                        Aaron Silvers, Esq.
                        Florida Bar No.: 104811
                        E-mail: asilvers@floridaloanlawyers.com
                        Yechezkel Rodal, Esq.
                        Florida Bar No.: 91210
                        E-mail: chezky@floridaloanlawyers.com
                        LOAN LAWYERS, LLC
                        *Attorneys for Plaintiff*
                        2150 S. Andrews Ave., 2nd Floor
                        Fort Lauderdale, FL 33316
                        Telephone:    (954) 523-4357
                        Facsimile:     (954) 581-2786

*TL-9143*